IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHERN CALIFORNIA GLAZIERS PENSION TRUST FUND; DOUGLAS CHRISTOPHER, Trustee; and JOHN MAGGIORE, Trustee,<br><br>    Plaintiffs,<br>  v.<br><br>HOLLIS GLASS, INC., a California corporation; HOLLIS GLASS COMPANY, a general partnership; THE HOLLIS EQUIPMENT FAMILY LIMITED PARTNERSHIP, a California limited partnership; JOHN PAUL HOLLIS, individually, as partner of Hollis Glass Company and as general partner of The Hollis Equipment Family Limited Partnership; and DOES 1-20,<br><br>    Defendants.<br>_____/ | No. C 11-00966 CW<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR AN EXPEDITED RULING, Docket No. 40, DENYING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT, Docket No. 16, and ADOPTING MAGISTRATE JUDGE'S AMENDED REPORT AND RECOMMENDATION RE PRODUCTION OF DOCUMENTS, Docket No. 35 |

    Plaintiffs' motion for an expedited ruling is granted. Docket No. 40. The Court has reviewed Magistrate Judge James' Amended Report and Recommendation Re: Plaintiffs' Motion for Default Judgment. The time for objections has passed and none were filed. However, Plaintiffs' Motion for Default Judgment seeks partial judgment in the action because it is addressed only

to Defendant Hollis Glass, Inc. Although Plaintiffs have voluntarily dismissed, without prejudice, Defendants Hollis Glass Company, a general partnership; The Hollis Equipment Family Limited Partnership, a California limited partnership; and John Paul Hollis, individually and as general partner of the Hollis Equipment Family Limited Partnership, it appears that John Paul Hollis as a partner of Hollis Glass Company remains a Defendant in the case.

Under Federal Rule of Civil Procedure 54(b) entry of partial judgment is disfavored. The rule states that

> when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). Furthermore, Plaintiffs' motion does not address why delay is unwarranted to allow for the resolution of the claims against Hollis as a partner of Hollis Glass Company, prior to entry of judgment. Therefore, the Court DENIES without prejudice Plaintiffs' motion for default judgment. Judgment will enter when all claims against all Defendants have been resolved. If Plaintiffs wish to dismiss their remaining claims against Hollis as partner of Hollis Glass Company, judgment could enter.

Meanwhile, the Court adopts Magistrate Judge James's recommendation that Defendant Hollis Glass, Inc. be ordered to comply with its obligations under ERISA § 4219(a), 29 U.S.C. § 1399(a).  Defendant Hollis Glass, Inc. shall comply by providing the following information within thirty days: (i) stock certificates and stock ledger of Defendant Hollis Glass, Inc., (ii) identification of other businesses or trades owned by owners of Defendant Hollis Glass, Inc., (iii) documents showing percentage of ownership of Defendant Hollis Glass, Inc.'s owners in other businesses or trades, including without limitation, ownership interest in Defendants Hollis Glass Company and Hollis Equipment Family Limited Partnership, including stock certificates, stock ledgers and/or operating agreements and membership interest certificates and ledger, (iv) all federal and state tax returns for the years 2004 and 2005 of Defendant Hollis Glass, Inc. and all businesses or trades under common control, including without limitation, Defendants Hollis Glass Company and Hollis Equipment Family Limited Partnership, (v) federal and state tax returns of owners of Defendant Hollis Glass, Inc. for the years 2004 and 2005, (vi) annual financial statements, both audited and unaudited, prepared on or after January 1, 2004 and January 1, 2005 of Defendant Hollis Glass, Inc. and all businesses or trades under common control, including without limitation, Defendants Hollis Glass Company and Hollis Equipment Family Limited Partnership, (vii) accounting records for years ending on

3

or after January 1, 2004, including the general ledger, trial balance, accounts payable journal and cash disbursements journal of Defendant Hollis Glass, Inc. and all business or trades under common control, including without limitation, Defendants Hollis Glass Company and Hollis Equipment Family Limited Partnership, (viii) lease agreements for any real estate holdings of owners of Defendant Hollis Glass, Inc., and (ix) all notes or loans between Defendant Hollis Glass, Inc. and any owner(s) or businesses or trades under common control, including without limitation, Defendants Hollis Glass Company and Hollis Equipment Family Limited Partnership.

   Plaintiffs shall file a report within forty-five days on their plan for resolving this case.

   IT IS SO ORDERED.

Dated: 1/26/2012

CLAUDIA WILKEN
United States District Judge

4